UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11879-RGS

ELLIETT SHARPE

v.

WARDEN BONCHER

ORDER OF TRANSFER

November 9, 2022

STEARNS, D.J.

Elliett Sharpe, a federal prisoner who is currently serving his sentence in home confinement, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 1441 in which he alleges that the Federal Bureau of Prisons ("BOP") has not correctly calculated his earned time credit.[1] For the reasons set forth below, the court will order that this action be TRANSFERRED to the United States District Court for the Southern District of New York.

In a habeas action challenging present physical custody, the geographic location of the petitioner's immediate custodian dictates whether a court has jurisdiction over the matter. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v.*

---

[1] Sharpe has paid the $5.00 filing fee.

*Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). The Supreme Court has interpreted this language "to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U. 484, 495 (1973).

Sharpe gives an address in Arverne, New York, as the place of his home confinement. However, he names the FMC Devens Warden Amy Boncher as the respondent. Presumably, Sharpe identifies Warden Boncher as the respondent because he was confined at that institution before his transfer to home confinement. Notwithstanding, Warden Boncher is not the appropriate respondent because she is no longer the immediate custodian of Sharpe.

According to the "Find an Inmate" search function found on the web site of the BOP, *see* https://www.bop.gov/inmateloc/ (last visited Nov. 9, 2022), Sharpe is "located" at the BOP's New York Residential Reentry Management ("RRM") field office, which is located in Manhattan, New York. Thus, an authority at the New York RRM would be Sharpe's immediate custodian. As far as this court can discern, Residential Reentry Manager Patrick McFarland would be the proper respondent. [2]

---

[2] The BOP's website indicates that the New York RRM is located in Brooklyn, New York, *see* https://www.bop.gov/locations/ccm/cnk/ (last visited Nov.

Because Sharpe's immediate custodian is not in the United States District Court for the District of Massachusetts, the court lacks habeas jurisdiction over the case. The court finds that it is in the interest of justice to transfer this case to the appropriate judicial district, the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 1631.

## ORDER

For the foregoing reasons:

1. Residential Reentry Manager Patrick McFarland of the DOC's New York RRM office shall be substituted as the sole respondent. FMC Devens Warden Boncher shall be terminated as a party to this action.

---

9, 2022), which is located within the United States District Court for the Eastern District of New York. However, in recent litigation in the United States District Court for the Eastern District of New York, McFarland stated in a declaration that the New York RRM moved to 201 Varick Street in New York City and that the New York RRM "does not hold any other business address in New York or elsewhere." *Lallave v. McFarland*, Dkt # 20-1 (Declaration of Patrick McFarland ¶ 2), C.A. No. 22-04136 (E.D.N.Y. Sept. 30, 2022). He further stated that "it appears that the external website has not updated [the New York RRM]." *Id.*

2. Pursuant to 28 U.S.C. § 1631, the clerk shall TRANSFER this action to the United States District Court for the Southern District of New York.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE